IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROBERT EARL OLIVER            §
(TDCJ No. 1917891),           §
                              §
            Petitioner,       §
                              §
V.                            §        No. 3:18-cv-546-N-BN
                              §
LORIE DAVIS, Director         §
Texas Department of Criminal Justice §
Correctional Institutions Division, §
                              §
            Respondent.       §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Robert Earl Oliver, a Texas inmate, has filed a *pro se* application for

writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 3. This resulting action has

been referred to the undersigned United States magistrate judge for pretrial

management under 28 U.S.C. § 636(b) and a standing order of reference from United

States District Judge David C. Godbey. The undersigned enters these findings of fact,

conclusions of law, and recommendation that the Court should dismiss the habeas

application with prejudice as time-barred under Rule 4 of the Rules Governing Section

2254 Cases.

**Applicable Background**

Oliver challenges his 2014 Dallas County murder conviction, which resulted in

a sentence of 50 years of imprisonment. *See State v. Oliver*, No. F11-60922-N (195th

Dist. Ct., Dallas Cty., Tex.). His appeal of that criminal judgment was dismissed for

lack of jurisdiction, *see Oliver v. State*, No. 05-14-00308-CR, 2015 WL 1862920 (Tex. App. – Dallas Apr. 22, 2015, no pet.), and he did not file a petition for discretionary review (or "PDR") in the Texas Court of Criminal Appeals (the "CCA").

Filings in this action and records available online from Dallas County indicate that Oliver sought state habeas review as to this criminal judgment no sooner than November 27, 2016, the date on which he signed the habeas application filed in state court. *See Ex parte Oliver*, No. W11-60922-N(A) (195th Dist. Ct., Dallas Cty., Tex.). On March 22, 2017, the CCA denied that petition without written order on the trial court's findings without a hearing. *See Ex parte Oliver*, WR-86,350-01 (Tex. Crim. App.).

On initial review of the federal habeas application, the Court recognized that the petition is likely time-barred and issued a questionnaire [Dkt. No. 6] to provide Oliver fair notice of the limitations issues and to allow him to present his positions as to those issues through a verified response to the questionnaire. Oliver filed a timely response to that questionnaire. *See* Dkt. No. 7.

### Legal Standards

Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

(A)    the date on which the judgment became final by the conclusion of

-2-

direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if

the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ____, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

The United States Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original); *see, e.g., Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

The Supreme Court also has determined that AEDPA's statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a

reasonable doubt." *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

Rule 4 Disposition

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes). In *Kiser*, clearly applicable here, the Fifth Circuit held that, "even though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional, the magistrate judge and district court did not err by raising the defense *sua sponte*." *Id.* at 329 (noting the district court's "decision to do so was consistent with Rule 4 and Rule 11 of the Rules Governing Section 2254 cases,

as well as the precedent of this Court").

But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original); *see also Ingram v. Director, TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation also gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

## Analysis

A conviction becomes final under the AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013); *see also Chacon v. Stephens*, No. 4:13-CV-2184, 2014 WL 3543722, at *3 (S.D. Tex. July 14, 2014) ("The Fifth Circuit has explained that convictions become final for the purposes of § 2244(d)(1)(a) 'when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for writ of certiorari has elapsed or a timely filed petition has been finally denied.'" (quoting *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003) (quoting, in turn, *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994)); internal quotation marks omitted)).

-6-

That the state court of appeals dismissed Oliver's appeal based on the appellate waiver in his plea agreement, *see Oliver*, 2015 WL 1862920, raises the prospect that his "conviction became final for AEDPA purposes immediately upon entry of his guilty plea ... , because that is when he became 'unable to pursue further direct review' in Texas courts," *Chacon*, 2014 WL 3543722, at *3 (quoting *Roberts*, 319 F.3d at 693; citing TEX. R. APP. P. 66.1, 68.1 (the CCA may only review a decision of a court of appeals)); *accord Urquizo v. Quarterman*, No. C-08-46, 2008 WL 2278664, at *5 (S.D. Tex. May 12, 2008).

Texas federal district courts, including courts within this district, split on this issue. *See Whittle v. Stephens*, No. 3:15-cv-1783-L, 2015 WL 3884221, at *3-*4 (N.D. Tex. June 22, 2015) (collecting cases); *see also Barnes v. Mossburger*, No. 3:15-cv-4021-D-BH, 2018 WL 1449398 (N.D. Tex. Feb. 16, 2018) (recognizing the same split but finding that, because "federal courts should not 'delve into the merits' of a possible appeal to determine whether an appeal could have proceeded in light of a waiver of appeal and the record[,] in a case in which there was a waiver of appeal and no appeal was filed, the judgment becomes final at the expiration of the thirty-day period for filing a notice of notice of appeal" under the state court rules (citations omitted)), *rec. adopted*, 2018 WL 1426978 (N.D. Tex. Mar. 22, 2018).

But the "Supreme Court has not considered the question, and the [United States Court of Appeals for the] Fifth Circuit expressly denied reaching this question in *Rodriguez v. Thaler*, 664 F.3d 952, 953 (5th Cir. 2011)." *Schomburg v. Stephens*, No. 4:14-cv-159-O, 2015 WL 5089546, at *2 n.3 (N.D. Tex. Aug. 28, 2015). Moreover, here,

the Court need not find that finality is measured from the entry of the guilty plea to conclude that Oliver's federal habeas application is time-barred.

If finality is measured from the date that his direct appeal was dismissed, as no PDR was filed, his conviction became final for federal limitations purposes "upon the expiration of the time for seeking further review through the filing of a PDR." *Phillips v. Quarterman*, No. 3:09-cv-1131-B, 2009 WL 1974302, at *2 (N.D. Tex. July 7, 2009) (citing *Roberts*, 319 F.3d at 692), which was 30 days after the Dallas Court of Appeals dismissed Oliver's appeal, or on May 22, 2015, *see Flores v. Quarterman*, 467 F.3d 484, 485-86 (5th Cir. 2006); *Roberts*, 319 F.3d at 694; TEX. R. APP. P. 68.2.

And, "[b]ecause [Oliver's] state habeas petition was not filed within the one-year period" that commenced on that date, that petition "did not statutorily toll the limitation clock." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (citing, in turn, 28 U.S.C. § 2244(d)(2))).

Accordingly, the Section 2254 habeas application – filed no sooner than March 2, 2018, the date on which Oliver signed it, *see* Dkt. No. 3 at 10 – was filed more than 1 year and 9 months too late. That application is therefore due to be denied as untimely absent statutory or equitable tolling of the limitations period or establishment of actual innocence. And, while Oliver does not argue that he is actually innocent, he does raise arguments that implicate statutory and equitable tolling based on an alleged State-created impediment and equitable tolling based on his mental health.

Oliver first explains that his federal habeas petition is untimely because "he was

unable to obtain his legal work that was [taken by] TDCJ officers during a yearly shake-down because it wouldn't fit into an egg-crate that [he was] given" and that he "was only able to obtain the information enclosed in his 2254 petition when one of the other inmates on the unit asked his wife to get [the] information he needed." Dkt. No. 7 at 3; *see also id.* at 4.

To the extent that these claims support a statutory tolling claim under Section 2244(d)(1)(B), the Fifth Circuit has held that, in order to invoke statutory tolling based on an alleged government impediment, "the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). "These requirements imply an element of causality and materiality with respect to a prisoner's ability to file his ... federal petition. Thus, [a petitioner] 'must also show that ... [the impediment] actually *prevented* him from timely filing his habeas petition.'" *Clark v. United States*, Nos. 3:13-cv-1851-N-BK & 3:92-cr-382-N-1, 2013 WL 5873294, at *2 (N.D. Tex. Nov. 1, 2013) (quoting *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011); citations omitted; emphasis in *Krause*); *see also Winkfield v. Bagley*, 66 F. App'x 578, 583 (6th Cir. 2003) ("'Section 2244(d)(1)(B) requires a causal relationship between the unconstitutional state action and being prevented from filing the petition.'" (quoting *Dunker v. Bissonnette*, 154 F. Supp. 2d 95, 105 (D. Mass. 2001))).

Oliver has not made this showing. Nor has he made a showing that these claims support equitable tolling. His State-created-impediment assertions are completely conclusory, in that he specifies neither that (or how) the confiscation of his legal papers

was in violation of the Constitution or federal law, nor when the alleged confiscation

occurred – such that the Court could infer that Oliver has acted with diligence – nor

why (and, if so, how) the confiscation of the legal papers specifically prevented the

timely filing of this petition. There is therefore no alleged causal relationship between

the alleged State action and his being prevented from filing (much less timely filing)

this petition.

Oliver next claims that he suffers "from [an unspecified] medical condition that

also [a]ffected his ability to understand the habeas proceeding." Dkt. No. 7 at 3. In this

regard,

> [t]he Fifth Circuit has recognized that mental incompetency may support equitable tolling of the AEDPA limitations period. *See Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). However, "merely claiming mental incompetency does not automatically entitle the [p]etitioner to equitable tolling." *Guerra v. Thaler*, No. 3:09-cv-2272-P, 2010 WL 5071614, at *2 (N.D. Tex. Oct. 25, 2010) (citing *Smith v. Johnson*, 247 F.3d 240 (table), 2001 WL 43520, at *3 (5th Cir. Jan. 3, 2001)), *rec. adopted*, 2010 WL 5071608 (N.D. Tex. Dec. 10, 2010). A petitioner must "'sufficiently allege facts indicating that his incompetence impeded him from asserting his legal rights'" in a timely manner. *Guerra*, 2010 WL 5071614, at *2 (quoting *Smith v. Johnson*, 2001 WL 43520, at *3); *see also Smith v. Kelly*, 301 F. App'x 375, 377 (5th Cir. 2008) ("Smith also makes purely conclusory allegations regarding his mental illness. Although he states he has been diagnosed with 'severe psychotic and/or schizophrenia [sic] tendencies,' he nowhere explains how this prevented him from pursuing his legal rights.").

*Guyton v. Thaler*, No. 3:12-cv-4555-B-BN, 2013 WL 1130290, at *2 (N.D. Tex. Feb. 26,

2013), *rec. adopted*, 2013 WL 1131248 (N.D. Tex. Mar. 19, 2013).

But Oliver's mental-incompetency assertions are also conclusory. He has failed

to provide the Court with evidence – or even allege facts – to support his claim that a

mental disability interfered with his ability to file a federal writ in a timely manner.

-10-

That is, he has not shown that there is a "causal connection between [his] mental illness and his failure to file a timely federal habeas petition." *Jones v. Stephens*, 541 F. App'x 499, 505 & n.34 (5th Cir. 2013) (per curiam) (collecting cases); *see also Roberts*, 319 F.3d at 695 (fact that petitioner was hospitalized 13 times during one-year limitations period, standing alone, was insufficient to merit equitable tolling); *Jones v. Thaler*, No. 3:10-cv-2100-P-BD, 2011 WL 444860, at *2-*3 (N.D. Tex. Jan.19, 2011) (same as to schizoaffective disorder resulting in hallucinations), *rec. adopted*, 2011 WL 419200 (N.D. Tex. Feb.7, 2011); *Guerra*, 2010 WL 5071614, at *2 (petitioner not entitled to equitable tolling where he failed to meet his burden of establishing the degree and duration of his mental impairment).

In sum, Oliver has not demonstrated that he is entitled to equitable tolling by showing that "rare, exceptional, or extraordinary circumstances beyond his control ... made it impossible for him to timely file" his federal habeas application. *Montes v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286-K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted); *see also Menominee Indian Tribe*, 136 S. Ct. a 755-56; *Holland*, 560 U.S. at 649; *Farmer*, 640 F. App'x at 307.

For these reasons, the Section 2254 application is time-barred.

### Recommendation and Direction to the Clerk of Court

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss the application for a writ of habeas corpus with prejudice because it is time-barred. The Court also should direct that the Clerk of Court serve any order accepting this recommendation on the Texas Attorney General.

-11-

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent and will be directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 12, 2018

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-12-